UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>JAMES FLORENCE Jr.,   )<br>       Defendant.   ) | Criminal No. 25-CR-10024-RGS |

## PRELIMINARY ORDER OF FORFEITURE

**STEARNS, D.J.**

WHEREAS, on January 23, 2025, the United States Attorney for the District of Massachusetts filed an eight-count Information charging defendant James Florence Jr. (the "Defendant") with Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B) (Counts One through Seven), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Eight);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Eight of the Information, of (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.  Such property specifically included,

without limitation:

    (a)    Silver MacBook Pro, Serial LFX9TC40F9;

    (b)    White Desktop Computer, possibly custom made, Serial 01193600014368;

    (c)    Silver Apple IPAD, Model A1673, Serial DMPT2347H1MK;

    (d)    Rog Strix Laptop Serial N2NRKD026532065;

    (e)    San Disk Extreme 64 G Micro SD Card;

    (f)    Samsung Micro SD Card 64 G;

    (g)    San Disk Micro SD Card 64 G;

    (h)    Lexar 4 G Micro SD card;

    (i)    PNY 32G flash drive;

    (j)    Western Digital My Passport, Serial WX71E23VAP57;

    (k)    Seagate Hard Drive, Serial 6QF3FLK4;

    (l)    Western Digital Hard Drive, Serial WCALL1648954;

    (m)    Four USB thumb drives:
1. SanDisk
2. ONY
3. Staple, and
4. "Celebrate Your Sexy"

    (n)    Google Pixel 6 Pro, IMEI 351804613470848.

(collectively, the "Properties");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third

party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States of America, pursuant to Title 18, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 2 above;

WHEREAS, on April 17, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Eight of the Information, pursuant to a written plea agreement that he signed on April 17, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they were involved in Defendant's offenses and/or used or intended to be used to facilitate Defendant's offenses;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253;

WHEREAS, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

      2.        The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

      3.        Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

      4.        Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

      5.        Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

      6.        Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

      7.        Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties,

the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253(b), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Richard G. Stearns
**RICHARD G. STEARNS**
United States District Judge

Dated: 7/24/2025